# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Encompass Insurance, Inc., <br><br> Plaintiff and Counter-Defendant, <br><br> vs. <br><br> Hagerty Insurance Agency, Inc. and Hagerty Classic Marine Insurance Agency, Inc., <br><br> Defendants and Counterclaimants. | Case No. 1:08-cv-337 <br><br> Hon. Joseph G. Scoville |

## STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

Upon stipulation of the parties, and it appearing to the Court that there is good cause to enter an appropriate protective order to protect confidential trade secrets and other proprietary and non-public commercial information and materials that may be made available in the course of discovery in this case, the public disclosure of which would create a substantial risk of competitive harm to Encompass Insurance, Inc., Hagerty Insurance Agency, Inc. and Hagerty Classic Marine Insurance Agency, Inc., or third parties, IT IS HEREBY ORDERED THAT the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery among the parties or from third parties in this matter:

1.  <u>Scope of Order: Documents and Information Covered</u>.  Any party, and any other person or entity from whom documents and information are requested in connection with this action, may designate documents that contain information of a confidential and legally protectable nature as confidential material in the manner provided in Paragraph 3, provided such

designation is made in good faith and consistent with the definition of Protectable Information set forth below. Once a document or information is so designated, production or disclosure of that document or information shall be governed by the terms of this Order unless such designation is withdrawn, either by agreement of the designating party or by order of the Court.

2. <u>Definition of Protectable Information</u>. For purposes of this Order, documents and information may be designated as confidential material if they contain any trade secret or other confidential commercial information, or if they contain business or financial information of a personal and non-public nature, the public disclosure of which would reveal a protectable trade secret or otherwise prejudice the parties' competitive positions, or cause undue disclosure of personal information. For purposes of this Order, any confidential designation shall thereafter include all copies of such materials delivered to or maintained by the receiving parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials.

3. <u>Definition of "Document"</u>. "Document" or "Documents," for purposes of this Order, shall include, but not be limited to, any writing, recording, or photograph as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

4. <u>Manner of Designation of Confidential Material</u>. All or any portion of a document may be designated as confidential material provided such designation is made in good faith. Documents shall be designated as confidential after review by an attorney for the producing party by stamping the words "CONFIDENTIAL" on each page of such document. In the event that a producing party inadvertently fails to designate any material "CONFIDENTIAL"

in accordance with the foregoing procedure, the producing party shall provide supplemental written notice designating the material "CONFIDENTIAL" as soon as practicable and the receiving party shall make a good faith effort to stamp the words "CONFIDENTIAL" on each such page, and all copies thereof, and, from that point forward, treat such material in all respects as confidential material.  With respect to any deposition exhibit or transcript, or any portion thereof, that designation shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the designating party, and the transcript of such deposition or portion thereof shall be so marked and, if filed, filed under seal.  With respect to answers to interrogatories, to requests for production of documents, and to requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as confidential.

     5.    <u>Disputes Concerning Propriety of Confidential Designations</u>.  Any party may dispute the designation of particular material or information contained in a document designated as confidential under Paragraph 4.  If any party believes that material which has been so designated should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court, by duly noticed written motion, for resolution.  Any party may request expedited treatment of any motion challenging the designation of material or information as confidential.  Material or information claimed to be confidential that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Order notwithstanding the existence of such dispute.

6. <u>Persons To Whom Confidential Material May Be Disclosed</u>. Counsel for each party who obtains a document or information designated confidential under this Order shall not disclose or permit disclosure of such information or document (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

    a. <u>Parties and their Directors, Officers and Employees</u>. Disclosure may be made to parties, and to directors, officers or employees of parties who are involved with the preparation for, and proceedings concerning, this action or any appeal therein. Any such director, officer or employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 6.

    b. <u>Counsel and their Employees and Contractors</u>. Disclosure may be made to counsel in the litigation and to their employees and contractors (including contract lawyers and litigation support firms) retained by counsel, who are involved with the preparation for, and proceedings concerning, this action or any appeal therein. Any such employee or contractor to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 6.

    c. <u>Experts and Consultants</u>. Disclosure may be made to consultants or experts employed or contracted by any party or counsel to any party to assist counsel in the preparation for, and proceedings concerning, this litigation, and to employees or

support staff of such consultants or experts who are involved with assisting the consultant or expert as part of his or her employment in connection with this action. Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A. Counsel that disclose such confidential documents or other confidential information to any expert or consultant and his support staff shall retain the signed Confidentiality Agreement.

      d. <u>Testifying Witnesses and Court Reporters</u>. Disclosure may be made to persons called to testify under oath in the context of a deposition in connection with the prosecution/defense of this action and to stenographers, videographers or other court reporters contracted to transcribe or record such depositions, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told, on the record, that they are bound by the terms of the Order and are required not to disclose proprietary or confidential information which may be contained in the documents or information designated as confidential.

      e. <u>Disclosure To The Court</u>. Disclosure may be made at any time to the United States District Court for the Western District of Michigan or any judge, special master, magistrate judge, juror, clerk, or employee with responsibility over this lawsuit, provided that any court filings containing confidential material shall be filed under seal.

7. <u>No Use Permitted For Other Purposes</u>. Documents or information designated as confidential under this Order (and their contents or information revealing their contents) shall not be used or disclosed by any party, or person to whom disclosure has been made under Paragraph 6, (a) in any litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for

any purpose whatsoever other than the preparation for, and proceedings concerning, this action and any appeal therein.

8. <u>Pleadings, Motions and Briefs Containing Confidential Material</u>.  Any party or non-party who wishes to have the Court consider, in connection with any motion or other pleading, any documents designated as confidential should include such documents in an appendix or exhibit(s) to the filing, shall provide such appendix or exhibit(s) to chambers and to the non-filing parties and shall promptly move to have such confidential documents in the appendices or exhibits filed under seal, if the designating party desires continued confidential treatment of the documents.  Once an application has been made to file the exhibits or appendices under seal, while awaiting a ruling on such application, such documents shall not be publicly filed.

9. <u>Custodian Of Confidential Material</u>.  The signatories to this Order shall be deemed Custodians of any confidential materials that they, their law firms, or any experts or consultants engaged by them or their law firms in this action may receive.  Each of the Custodians agrees to be responsible for compliance with this Order by their law firm, and shall reasonably ensure that attorneys and other personnel employed or contracted by their law firm are aware of and adhere to the proper treatment of confidential material pursuant to this Order.

10. <u>No Waiver Or Admission</u>.  The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as "CONFIDENTIAL" is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated document or information contains any trade secret or confidential information in contemplation of law.

11. <u>Notification Upon Improper Disclosure</u>.  If any information or documents designated as confidential material (or their contents) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

12. <u>Disposition Of Confidential Material Upon Final Determination Of This Action</u>.  Within thirty days following the final determination of this action, unless otherwise agreed to in writing by counsel for all parties to this action, each party shall, through its counsel, complete and deliver to the designating party a certificate in the form attached hereto as Exhibit B ("Certificate"), certifying that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any confidential materials covered by this Order, and that, to the best of their knowledge, all such files have been purged of all such confidential materials, except for attorney work product. Pursuant to the terms of the Certificate each party and its counsel shall further certify that, to the best of their knowledge, all confidential materials delivered to it, including confidential materials now in its control or the control of persons to whom it distributed such information, have either been assembled and delivered with the Certificate or, to the extent not so delivered, that all such confidential materials (except for attorney work product) have been destroyed.  Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court

filings, transcripts, exhibits and work product containing or reflecting confidential materials; provided, however, that they shall treat such materials as confidential.

13. <u>No Restriction On Designating Party's Use Of Confidential Materials</u>. Notwithstanding any other provision of this Order, the party producing to another party material designated as confidential does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

14. <u>No Restriction on Non-designating Party's Use of Materials in Its Possession Before Commencement of This Action</u>. Notwithstanding any other provision of this Order, the party who receives documents or information designated as confidential by the sending party does not lose the freedom to deal in any manner as it may legally have done so prior to this action with documents or information in its possession before this action was commenced or documents or information received during this action and not designated confidential in accordance with this Order which (a) are copies of documents or information subsequently received with a confidential designation, or (b) contain information also contained in documents subsequently received with a confidential designation.

15. <u>No Restriction On Asserting Privileges</u>. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

16. <u>Inadvertent Production of Privileged Information</u>. The inadvertent production of any document, material, or other information during discovery in this action that a party later claims should not have been produced because of a privilege or other immunity from discovery, including but not limited to the attorney-client privilege or work product doctrine, will not be deemed to waive any privilege. A party or non-party may request the return of any inadvertently produced privileged document, material, or other information by identifying the document

inadvertently produced and stating the basis for withholding such document from production. If a party requests the return, pursuant to this paragraph, of any inadvertently produced privileged document then in the custody of another party, the possessing party shall within five (5) days return to the requesting party the inadvertently produced privileged item (including all attachments to that item) in its entirety (and all copies thereof), and shall expunge from any other document or material information reflecting the contents of the inadvertently produced privileged item. The party returning such item may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production.

17. <u>Counterpart Execution</u>. This Order may be executed in multiple counterparts, no one of which needs to be executed by all of the parties.

29. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction to enforce the terms of this Order.

APPROVED AND HEREBY ORDERED THIS  3rd   day of    August   , 2009.


                            /s/ Joseph G. Scoville
                            Honorable Joseph G. Scoville

| | |
|---|---|
| /s/ Robert L. Michels  (with permission) | /s/ Anders C. Wick |
| Robert L. Michels | Jeffrey Lennard - 1618059 |
| Michael L. Mulhern | *jlennard@sonnenschein.com* |
| Carrie E. Davenport | Anders C. Wick - 6274319 |
| Winston & Strawn LLP | *awick@sonnenschein.com* |
| 35 West Wacker Drive | Sonnenschein Nath & Rosenthal LLP |
| Chicago, Illinois 60601 | 7800 Sears Tower |
| (312) 558-5600 | 233 S. Wacker Drive |
| (312) 558-5700 (fax) | Chicago, Illinois 60606 |
| | (312) 876-8000 |
| Jeffrey G. Muth (P65041) | |
| Barnes & Thornburg LLP | Harvey R. Heller - P27351 |
| 300 Ottawa Avenue, N.W. | *HRH@maddinhauser.com* |
| Suite 500 | Michelle C. Harrell - P48768 |
| Grand Rapids, Michigan 49503 | *mch@maddinhauser.com* |
| (616) 742-3930 | Maddin, Hauser, Wartell, Roth & Heller, P.C. |
| | 28400 Northwestern Highway - 3rd Floor |
| *Attorneys for Hagerty Insurance Agency, Inc. and Hagerty Classic Marine Insurance Agency, Inc.* | Southfield, MI 48034-1839 |
| | (248) 354-4030 |
| | *Attorneys for Encompass Insurance, Inc.* |

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

By my signature, I hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION (the "Protective Order") entered in *Encompass Insurance, Inc. v. Hagerty Insurance Agency, Inc. and Hagerty Classic Marine Insurance Agency, Inc.*, No. 1:08-cv-337, pending in the United States District Court for the Western District of Michigan and hereby agree to be bound by the terms thereof. I agree not to disclose any documents designated as confidential material (or any of the contents of such documents) or information concerning confidential material to anyone other than those persons listed in Paragraph 6 of the Protective Order. I agree that to the extent that I or my employees are provided with confidential material, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose confidential material except as provided in Paragraph 6 of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the Western District of Michigan with respect to all matters relating to compliance with this Confidentiality Agreement and the Protective Order.

DATED:

_____
[Signature]

Signatory's Name, Business Affiliation, and Business Address

_____

_____

_____

## EXHIBIT B

## CERTIFICATE

      The undersigned hereby certify to _____ ("Designating Party"), on behalf of _____ and pursuant to the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION (the "Protective Order") entered in *Encompass Insurance, Inc. v. Hagerty Insurance Agency, Inc. and Hagerty Classic Marine Insurance Agency, Inc.*, No. 1:08-cv-337, pending in the United States District Court for the Western District of Michigan that they have performed or caused to be performed a complete and thorough search of their files and the files of those to whom they distributed any confidential materials covered by the Protective Order, and that to the best of their knowledge, all such files have been purged of all such confidential materials (except for court filings, transcripts, exhibits, and work product containing or reflecting confidential materials).  The undersigned further certify that all confidential materials delivered to them by the Designating Party, including confidential materials now in their control or the control of persons to whom they distributed such information, have, to the best of their knowledge, either been assembled and are delivered herewith or, to the extent any such confidential materials are not so delivered, all such confidential materials have been destroyed.  The undersigned acknowledges that all court filings, transcripts, exhibits, and work product containing or reflecting confidential materials shall continue to be treated as confidential under the terms of the Protective Order.

By:_____

as Counsel for:

_____

Date:_____

14804531\V-1